UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **CERTAIN UNDERWRITERS AT LLOYD'S, LONDON,** §§§§<br>*Plaintiff* § | |
| **v.** § | |
| **STICK BUILT, LLC d/b/a Lone Star Framing Solutions and WJP CONSTRUCTION SERVICES, LLC,** §§§§§§<br>*Defendants* § | Case No. 1:20-CV-899-LY |
| **and** § | |
| **IRONSHORE SPECIALITY INSURANCE COMPANY,** §§§<br>*Intervenor* § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiff's Motion for Default Judgment (Dkt. 12), filed October 30, 2020, and Intervenor Ironshore Specialty Insurance Company's Response (Dkt. 17), filed November 5, 2020. On November 9, 2020, the District Court referred the motion and related filings to the undersigned Magistrate Judge for Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

**I.   Background**

On August 28, 2020, Certain Underwriters at Lloyd's, London ("Lloyd's") filed this insurance coverage suit against insured Stick Built, LLC d/b/a Lone Star Framing Solutions ("Stick Built") and WJP Construction Services, LLC ("WJP"), a party suing Stick Built over alleged construction

defects in a condominium development in Austin, Texas. Lloyds seeks a declaration that it does not owe any duty to defend or indemnify Stick Built in the underlying lawsuit, which is pending in state court, or in a related arbitration proceeding.

On November 3, 2020, Stick Built's other insurer, Ironshore Specialty Insurance Company ("Ironshore"), intervened, seeking a declaration that Lloyd's owes a duty to defend and indemnify Stick Built in the underlying lawsuit. Dkt. 13. Ironshore also seeks declarations that the Ironshore policies do not provide coverage to Stick Bult for the underling lawsuit, but to the extent they do, provide only coverage excess to the Lloyd's policies.

Lloyd's now seeks entry of a default judgment against Stick Built. Lloyd's served its Complaint on Stick Built on September 7, 2020. Dkt. 8. Stick Built has made no appearance and has failed to plead, respond, or otherwise defend. On October 30, 2020, the clerk granted Lloyd's motion for an entry of default. Dkt. 13. In addition to asking for entry of default judgment against Stick Built, Lloyd's also asks the Court to enter final judgment against WJP, based on WJP's stipulation that it would be bound by any judgment against Stick Built.

Ironshore argues that the Court should deny the Motion because (1) "default judgment is not proper because Ironshore and Stick Built are similarly situated in regard to coverage for Stick Built under the Lloyd's policies and any entry of default judgment against Stick Built could result in inconsistent judgments in this case;" and (2) Lloyd's has failed to address the factors in *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998), to show that default judgment is proper. Dkt. 17 at 3. Lloyds did not file a reply brief and, thus, did not respond to these arguments.

## II.     Legal Standard

Under FED. R. CIV. P. 55, a default occurs when a defendant fails to plead or otherwise respond to a complaint within the time required. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). After the defendant's default has been entered by the clerk of the court, the plaintiff may

apply for a judgment based on such default. *Id*. A party is not entitled to a default judgment as a matter of right, however, even where the defendant technically is in default. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). Entry of default judgment is within the court's discretion. *Lindsey*, 161 F.3d at 893.

Courts have developed a three-part test to determine whether to enter a default judgment. First, the court considers whether entry of default judgment is procedurally warranted. *Longwell v. Wynd Travel Choice Glob., Inc.*, No. 1:19-CV-557-RP, 2020 WL 7396906, at *2 (W.D. Tex. Dec. 17, 2020) (citing *United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008)). Second, the court assesses the substantive merits of the plaintiff's claims to determine whether there is a sufficient basis in the pleadings for judgment. *Id.* Last, the court determines what relief, if any, the plaintiff should receive. *Id*.

### III.     Analysis

Lloyd's asks the Court to enter default judgment against Stick Built and order that Lloyd's is not obligated to defend or indemnify Stick Built in the underlying lawsuit. The Court finds that Lloyd's Motion is premature because a ruling that Lloyd's has no duty to defend or indemnify Stick Built would prejudice Intervenor Ironshore and could result in the issuance of inconsistent judgments in this case. It is "improper to enter a default judgment against one defendant when multiple defendants are 'similarly situated' because of the risk of inconsistent judgments." *Argent Holdings, LLC v. E. El Paso Physicians Med. Ctr., LLC*, No. EP-17-CV-00199-ATB, 2017 WL 7788135, at *1 (W.D. Tex. Nov. 30, 2017) (citing *Frow v. De La Vega*, 82 U.S. 552 (1872)). Ironshore and Stick Built are "similarly situated" parties in this case because Ironshore and Stick Built both contend that Lloyd's has a duty and indemnify Stick Built in the underlying lawsuit. *Id.*

Because Ironshore is seeking a declaratory judgment that Lloyd's has a duty to defend and indemnify Stick Built, a default judgment against Stick Built stating the opposite would prejudice

3

Ironshore and could result in inconsistent judgments issued in this case. *See Falcon Ins. Co. v. Molina*, No. 3:18-CV-03297-X, 2020 WL 5250545, at *1 (N.D. Tex. Sept. 3, 2020) (holding that motion for default judgment was premature because a ruling that the insurer had no duty to defend or indemnify as to the defaulting parties would necessarily prejudice the remaining insurer in the case "that is litigating that precise issue"); *New York Marine & Gen. Ins. Co. v. Joedward Cardona*, No. MO:17-CV-00246-DC, 2018 WL 7297825, at *2 (W.D. Tex. Mar. 27, 2018) (finding that entry of default judgment against insured was premature because the default judgment would have adjudicated the remaining insurer's claims and rights). Accordingly, the Court finds that it would be inappropriate to enter a default judgment against Stick Built at this time.

## IV.   Recommendation

For the reasons set forth above, the undersigned **RECOMMENDS** that the District Court **DENY WITHOUT PREJUDICE** Plaintiff's Motion for Entry of Default Final Judgment against Defendant Stick Built (Dkt. 12).

It is **FURTHER ORDERED** that the Clerk **REMOVE** this case from the Magistrate Court's docket and **RETURN** it to the Honorable Lee Yeakel.

## V.   Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to

4

proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

    **SIGNED** on January 15, 2021.

                                                  SUSAN HIGHTOWER
                                                  UNITED STATES MAGISTRATE JUDGE